UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL M. WARD,<br><br>    Plaintiff,<br><br>    v.<br><br>REDDING POLICE DEPARTMENT, et al.,<br><br>    Defendants. | No. 2:24-cv-00978 TLN AC PS<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. The case was accordingly referred to the undersigned magistrate judge by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted. Further, for the reasons stated below, plaintiff be given the opportunity either to proceed on the cognizable claims identified in his complaint or to file an amended complaint.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the

1

complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II. THE COMPLAINT

Plaintiff sues two police officers, the Redding Police Department, and the City of Redding. ECF No. 1 at 2-3. He alleges officer misconduct (42 U.S.C. § 14141, which has been reclassified as 34 U.S.C. § 12601), violation of Title II of the Americans with Disabilities Act, violations of the First, Fourth, Fifth, Fourteenth, and Eighth Amendment under 42 U.S.C. § 1983, violations of the Tom Bane Act and the Rehabilitation Act, and multiple violations of the criminal code under Title 18. ECF No. 1 at 4. Plaintiff alleges he was illegally stopped in traffic for racially motivated reasons, was unlawfully detained and arrested, and was subjected to excessive force by racist law enforcement officers. Plaintiff alleges he was pushed and slammed to the ground by the officers, causing him to break his elbow and injuring his chin, shoulder, and knee. Id. at 5. Plaintiff alleges that the force used was unreasonable because he is disabled. Id. Plaintiff alleges the officers did not read him his Miranda rights or get him medical attention. Plaintiff asks for the court to order the Redding Police Department to cease and desist making racially motivated stops, and for the court to order the Department to correct racial identity profile data. Id. at 6.

Plaintiff attaches to his complaint various computer printouts, including a printout stating that Shasta County District Attorney in not in compliance with the Brady List. ECF No. 1 at 12. He attaches a complaint that appears to have been filed with the Maryland Department of Motor Vehicles. Id. at 14-15. In this complaint, plaintiff indicates he was pulled over for driving with a suspended Maryland license, but plaintiff contends he has never held a Maryland driver's license.

Id. at 15.  Plaintiff alleges the police falsified their reports.

## III.  ANALYSIS

### A.  Claims Sufficient to Proceed

Plaintiff's existing complaint successfully states a claim of excessive force in violation of the Fourth Amendment pursuant to 48 U.S.C. § 1983 against Officer Byron Upshaw and Officer Alexandria Dahnke of the Redding Police Department.  Plaintiff alleges the officers used excessive force against him during a traffic stop and detainment by pushing him to the ground, breaking his elbow and injuring his chin, shoulder, and knee. ECF No. 1 at 5.  "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force."  Graham v. Connor, 490 U.S. 386, 394 (1989).  When "the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right "to be secure in their persons ... against unreasonable ... seizures" of the person."  Id.  Plaintiff's complaint in its current form sufficiently states a Fourth Amendment claim for the purposes of screening.

### B.  Claims Not Sufficient to Proceed

Plaintiff's existing complaint contains several additional causes of action which, in their current form, cannot proceed.  If plaintiff wishes to pursue these claims, he must file an amended complaint fixing the defects described below.

#### 1.  Failure to Provide a Short and Plain Statement of Facts (Rule 8(a))

The complaint does not contain a "short and plain" statement setting forth the basis for plaintiff's entitlement to relief as required by Fed. R. Civ. P. 8(a)(1)-(3) as to any claim except the Fourth Amendment claims discussed above.  The exact nature of what happened to plaintiff, aside from being injured by the named officers' alleged use of excessive force in pushing plaintiff to the ground, is unclear from the complaint, which states that plaintiff was detained, arrested, and physically injured for reasons related to race and disability, but does not set forth a clear statement of facts showing that any of defendants' actions were related to plaintiff's disability, race, or speech.

The court cannot tell from examining the complaint, including the body and attachments, what legal wrong (apart from a Fourth Amendment violation) was done to plaintiff, by whom and when, or how any alleged harm is connected to the relief plaintiff seeks. Importantly, with respect to Constitutional claims under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). If plaintiff chooses to amend the complaint to proceed on the remainder of his claims, he must clearly state which defendant is responsible for each alleged violation.

### 2. Failure to State a Claim

Plaintiff also fails to state a claim upon which relief can be granted with respect to all claims listed in his current complaint except his Fourth Amendment excessive force claim.

#### a. First Amendment

The First Amendment to the U.S. Constitution contains multiple protections, and it is unclear from the face of plaintiff's complaint what type of First Amendment claim he intends to bring. The contents of the complaint appear to align with a protected speech retaliation claim, though plaintiff does not state sufficient fact to establish that as the basis for his claim. To state a speech retaliation claim under the First Amendment, plaintiff must state facts showing that he engaged in protected speech and that the officers retaliated against him, with the speech being a "substantial or motivating factor" behind the arrest. Nieves v. Bartlett, 139 S. Ct. 1715, 1726 (2019). "The presence of probable cause should generally defeat a First Amendment retaliatory arrest claim." Id. Plaintiff does not state that he engaged in protected speech, nor does he allege facts that establish any claim under the First Amendment.

#### b. Bane Act

The Tom Bane Civil Rights Act, codified at California Civil Code § 52.1, protects individuals from interference with federal or state rights by creating a cause of action for such

5

interference that is carried out "by threats, intimidation or coercion." See Venegas v. County of Los Angeles, 153 Cal.App.4th 1230, 63 Cal.Rptr.3d 741 (2007); Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1105 (9th Cir. 2014). Claims under the Bane Act may be brought against public officials who are alleged to interfere with protected rights, and qualified immunity is not available for those claims. Venegas, 63 Cal.Rptr.3d at 753. The Bane Act requires a specific intent to violate the plaintiff's rights. Reese v. County of Sacramento, 888 F.3d 1030, 1043 (9th Cir. 2018). The complaint in its current form does not allege any facts regarding the officer defendants using threats, intimidation, or coercion with a specific intent to violate plaintiff's constitutional rights. Plaintiff does not state a claim upon which relief can be granted.

    c. Fifth Amendment

Though plaintiff lists the Fifth Amendment as a cause of action, it is unclear what the factual basis is to support this claim. To the extent plaintiff is intending to bring a due process claim, the court notes that "the Fifth Amendment's due process clause only applies to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir.2008). The complaint contains no allegation of unconstitutional conduct by the federal government, and therefore plaintiff cannot state a claim on this basis.

    d. Fourteenth Amendment

"The Equal Protection Clause requires the State to treat all similarly situated people equally." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013) (quoting City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). There are two ways to state an equal protection clause claim. First, an equal protection claim may be stated by showing that the defendant has intentionally discriminated based on the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory a plaintiff must state facts to show that the defendant's actions were a *result* of the plaintiff's membership in a suspect class, such as race, not simply that plaintiff is a member of a suspect class. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005). Alternatively, the action in question does not involve a suspect classification (such as race), a plaintiff may state an equal protection claim by showing that similarly situated individuals were intentionally treated

differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004).

Here, plaintiff does not state enough facts to establish an equal protection claim on ether of these bases. The complaint's conclusory allegation of racial discrimination is insufficient. To state a racial discrimination claim, a complaint must allege specific facts showing that the defendants were motivated by racial considerations. Because the complaint before the court lacks such allegations, plaintiff fails to state a claim upon which relief can be grated.

### e. Monell Liability

Plaintiff names the Redding Police Department and the City of Redding as defendants, but does not identify any actions either entity took to violate his rights. There is no vicarious liability under § 1983; while "municipalities and other local government units ... [are] among those persons to whom § 1983 applies," Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978), "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County. v. Dodson, 454 U.S. 312, 326 (1981)). There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385. Plaintiff does not identify any specific policies or customs of any entity defendants that caused a violation of his rights, and he therefore does not state a claim upon which relief can be granted against any municipal entity.

### f. Disability Claims

Title II of the Americans with Disabilities Act (ADA) prohibits a public entity from discriminating against a qualified individual with a disability based on that disability. 42 U.S.C. § 12132 (1994); Pennsylvania Dept. of Corr. v. Yeskey, 524 U.S. 206, 210 (1998). To state a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and (4) such exclusion, denial of

benefits or discrimination was by reason of the plaintiff's disability. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010). "To recover monetary damages under Title II of the ADA ... a plaintiff must prove intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). Plaintiff also references the Rehabilitation Act; the rights and obligations created by the ADA and the Rehabilitation Act are substantially identical. See Zukle v. Regents of the Univ. of Cal., 166 F.3d 1041, 1045 & n.11 (9th Cir. 1999).

It is entirely unclear how plaintiff's stated facts relate to the disability-based causes of action that plaintiff references. Plaintiff's statement of facts alleges he is disabled, but does not reference any requested accommodation or discrimination based on disability. The nature of plaintiff's disability is unspecified. The complaint's only factual allegation regarding disability is that the defendant officers knew that plaintiff was disabled when they used force to arrest him. This fact might be relevant to claims based on the use of force, but does not support any identifiable cause of action based on disability laws. Thus, plaintiff fails to state a claim.

### g. Criminal Statutes

Some of plaintiff's alleged claims are not available to him and cannot, even with amended facts, support causes of action. First, plaintiff cannot bring any criminal cause of action against the defendants. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997). Accordingly, the criminal code does not establish any private right of action and cannot support a civil lawsuit. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability). Accordingly, the complaint fails to state a claim upon which relief could be granted.

### h. Eighth Amendment

Likewise, plaintiff's Eighth Amendment claims cannot survive. The Eighth Amendment to the U.S. Constriction states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "The Eighth Amendment's prohibition of cruel and unusual punishments applies only after conviction and

sentence." Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). The Eighth Amendment thus governs conditions of confinement and the use of force against prisoners, but does not apply to police action in the community. Because plaintiff was not incarcerated at the time of the events described, he cannot bring an Eighth Amendment claim.

### i. Unconstitutional Policing Statute

Plaintiff cannot bring a lawsuit pursuant to 34 U.S.C. § 12601, which prohibits employees of government agencies "with responsibility for the administration of juvenile justice or the incarceration of juveniles" to engage in a "pattern or practice" "that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." 34 U.S.C. § 12601(a). This law expressly authorizes the Attorney General to bring a civil enforcement action to "obtain appropriate equitable and declaratory relief to eliminate the pattern or practice." 34 U.S.C. § 12601(b). There is no private right of action to enforce this section. See, Gumber v. Fagundes, No. 21-CV-03155-JCS, 2021 WL 4311904, at *5 (N.D. Cal. July 3, 2021), report and recommendation adopted, No. 21-CV-03155-PJH, 2021 WL 3563065 (N.D. Cal. Aug. 11, 2021). Accordingly, plaintiff cannot state a claim upon which relief can be granted.

## IV. OPTIONAL LEAVE TO AMEND THE COMPLAINT

Plaintiff has a choice to make. His complaint states a Section 1983 claim for a Fourth Amendment violation against the two individual officer defendants. Plaintiff may, if he wishes, have the complaint served on defendants Upshaw and Dahnke only, as to his excessive force claim only. This choice requires voluntary dismissal of all other claims and defendants. Alternatively, plaintiff may file an amended complaint to remedy, if he can, the deficiencies in his other claims.

If plaintiff chooses to amend the complaint, the amended complaint must contain a short and plain statement of plaintiff's claims. The allegations of the complaint should be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b).

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading to make plaintiff's amended complaint complete. An amended complaint must be complete without reference to any prior pleading. Local Rule 220. This is because, generally, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V. PRO SE PLAINTIFF'S SUMMARY

Your complaint states a claim under 42 U.S.C. § 1983 against Officers Upshaw and Dahnke for using excessive force in violation of the Fourth Amendment. However, your complaint does not contain facts supporting any other claim against any defendant. You must decide whether you want to (1) move forward on your Fourth Amendment excessive force claims against the officer defendants only, *or* (2) try to fix the problems with your other claims by filing an amended complaint that tries to fix the problems identified in this order. You must complete

the attached form indicating your choice, and return it to the court within 30 days.

If you choose to move forward with the Fourth Amendment claims only, your complaint will be served on Officers Upshaw and Dahnke but only your Fourth Amendment claim will stay in the case. You will be voluntarily dismissing all other claims and defendants.

Your other option is to file a new complaint that fixes the problems with your other claims. If you do this, the court will screen the amended complaint and decide whether there are claims that can be served on the defendants. If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted each plaintiff. Without this information, the court cannot tell what legal claims you are trying to bring against the defendants. If you do not return the attached Notice on How to Proceed by the deadline, the undersigned may recommend that the case be dismissed for failure to prosecute.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of this order to return the attached form indicating whether he wishes to (a) proceed with the Fourth Amendment excessive force claim against defendant Officers Byron Upshaw and Alexandria Dahnke, voluntarily dismissing all other claims and defendants, or (b) file an amended complaint that complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: April 16, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MICHAEL M. WARD, | No. 2:24-cv-00978 TLN AC PS |
|---|---|
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE ON HOW TO PROCEED |
| REDDING POLICE DEPARTMENT, et al., | |
| Defendants. | |

Check one:

_____ Plaintiff Michael M. Ward wants to proceed immediately on his Fourth Amendment excessive force claim only, against defendants Byron Upshaw and Alexandria Dahnke only, without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his claims against all other listed defendants pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants to amend the complaint.

DATED:_____

                                                           Michael M. Ward
                                                           Plaintiff pro se