UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL M. WARD,<br><br>    Plaintiff,<br><br>    v.<br><br>REDDING POLICE DEPARTMENT, et al.,<br><br>    Defendants. | No. 2:24-cv-00978-TLN-AC<br><br>**ORDER** |

      This matter is before the Court on Defendants Redding Police Department, Alexandria Dahnke ("Dahnke"), Byron Upshaw ("Upshaw"), Wesley James Townsley ("Townsley"), Jacob Guterdig ("Guterdig"), and Chase Webber Arnold's ("Arnold") (collectively, "Defendants") Amended Motion to Dismiss. (ECF No. 15.) Plaintiff Michael M. Ward ("Plaintiff") filed an opposition. (ECF No. 17.) Defendants filed a reply. (ECF No. 18.)

      Because Plaintiff is proceeding pro se, the matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21). On April 4, 2025, the magistrate judge filed Findings and Recommendations herein which were served on all parties and which contained notice to all parties that any objections were to be filed within twenty-one days. (ECF No. 25.) The magistrate judge recommended the Court grant Defendants' motion to dismiss in full and close the case. (*Id.*) Plaintiff filed objections to the Findings and Recommendations. (ECF No. 26.) Defendants opposed the objections. (ECF No. 29.) Plaintiff also filed two notices of

lodging evidence with the Court and a response to Defendants' opposition to his objections. (ECF Nos. 28, 30, 31.) Defendants filed a request to strike those filings. (ECF No. 34.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court conducted a de novo review of this case. Having carefully reviewed the file, the Court ADOPTS in part and DECLINES TO ADOPT in part the Findings and Recommendations filed April 4, 2025. (ECF No. 25.) For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss (ECF No. 15) and DENIES Defendants' request to strike as moot (ECF No. 34).[1]

### I.     FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Plaintiff's arrest following a traffic stop at 8:00 p.m. on November 4, 2023. (ECF No. 5 at 1.) Plaintiff alleges Officers Dahnke and Upshaw pulled him over to perform an unlawful investigatory stop. (*Id.* at 5–6.) Plaintiff alleges the officers pulled him over for driving without a front license plate, but later reports showed that information was false. (*Id.*) Plaintiff alleges he attempted to record the incident with his phone, Officer Dahnke told him to stop recording, and then Officers Upshaw, Guterdig, and Arnold knocked the phone out of Plaintiff's hand. (*Id.* at 4–5.) Plaintiff alleges he refused to identify himself to the officers and invoked his Fifth Amendment rights. (*Id.* at 10.) Plaintiff alleges that instead of asking Plaintiff to step out of the vehicle, turn around, and put his hands up, Officers Dahnke, Upshaw, Arnold, Townsley, and Guterdig pulled Plaintiff out his vehicle.[2] (*Id.* at 2, 8.) Plaintiff alleges he sustained multiple injuries from the incident, including a broken arm and a concussion. (*Id.* at 1–2.) Plaintiff alleges the officers searched his vehicle without his consent and seized his only car key. (*Id.* at 9–10.) Plaintiff alleges the stop was racially motivated and describes several past instances where Redding Police Officers purportedly targeted him. (*Id.* at 11–16.) Lastly,

---

[1]     Because the Court does not rely on any of the filings challenged in Defendants' motion to strike, the Court need not and does not address Defendants' motion to strike and DENIES the motion to strike as moot. (ECF No. 34.)

[2]     At one point in the FAC, Plaintiff alleges Officers Dahnke, Upshaw, and Townsley pulled him out of the vehicle. (ECF No. 5 at 2.) Later in the FAC, Plaintiff alleges Officers Upshaw, Arnold, Guterdig pulled him out of his vehicle while Officer Townsley watched. (*Id.* at 8.)

2

1  Plaintiff alleges he is disabled and uses a cane, which the officers knocked out of his hand.  (*Id.* at
2  17.)  Plaintiff also alleges he suffers from many health conditions, such as brain damage, Post
3  Traumatic Stress Disorder ("PTSD"), degenerative joint disease, agoraphobia, anxiety, panic
4  attacks, and respiratory issues.  (*Id.* at 18.)

5  Plaintiff filed the Complaint on April 1, 2024, alleging various claims.  (ECF No. 1.)  The
6  magistrate judge screened the Complaint and found Plaintiff only successfully stated a Fourth
7  Amendment excessive force claim against Officers Upshaw and Dahnke pursuant to 42 U.S.C. §
8  1983 ("§ 1983").  (ECF No. 3.)  The magistrate judge gave Plaintiff leave to amend the remaining
9  claims.  (*Id.*)  Plaintiff filed the operative First Amended Complaint ("FAC") on April 23, 2024,
10  alleging the following claims: (1) a Bane Act claim based on the unlawful detention and
11  excessive use of force during the arrest; (2) a § 1983 claim for violation of his First Amendment
12  right to record the police; (3) a § 1983 claim for violation of his Fourth Amendment rights for the
13  unlawful detention, excessive use of force, and unlawful search and seizure; (4) a § 1983 claim
14  for violation of his Fifth Amendment right to remain silent; (5) a § 1983 claim for racial
15  discrimination in violation of the Fourteenth Amendment; and (6) and a claim for disability
16  discrimination under the Americans with Disabilities Act ("ADA") and § 504 of the
17  Rehabilitation Act.  (ECF No. 5.)  On October 24, 2024, the magistrate judge found the FAC was
18  appropriate to serve on Defendants.  (ECF No. 6.)  Defendants filed the instant motion to dismiss
19  on January 15, 2025.  (ECF No. 15.)

20  On April 4, 2025, the magistrate judge recommended the Court grant Defendants' motion
21  to dismiss in full and close the case.  (ECF No. 25.)  The Court performed a de novo review of
22  this case and adopts in part and declines to adopt in part the magistrate judge's Findings and
23  Recommendations.  Specifically, the Court adopts the Findings and Recommendations as to the
24  dismissal of Plaintiff's Fifth Amendment claim against all Defendants and § 1983 claim against
25  the Redding Police Department without leave to amend.  The Court declines to adopt the Findings
26  and Recommendations in all other respects.
27  ///
28  ///

**II.    STANDARD OF LAW**

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws

1   in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State
2   Council of Carpenters*, 459 U.S. 519, 526 (1983).

3   Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough
4   facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim
5   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
6   reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
7   680. While the plausibility requirement is not akin to a probability requirement, it demands more
8   than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility
9   inquiry is "a context-specific task that requires the reviewing court to draw on its judicial
10  experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or
11  her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly
12  dismissed. *Id.* at 680 (internal quotations omitted).

13  In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits
14  thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.
15  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*
16  *Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

17  **III.    ANALYSIS**

18  In moving to dismiss, Defendants argue Plaintiff violates Rule 8 and fails to plead the
19  following claims: (1) a § 1983 claim against the Redding Police Department; (2) a Fourth
20  Amendment claim against any Defendant; (3) a Fifth Amendment claim against any Defendant;
21  and (4) an ADA claim against any Defendant.[3] (ECF No. 15-1 at 5–7.) Defendants also move to
22  strike various portions of the FAC under Rule 12(f). (*Id.* at 7–9.) Defendants argue the Court

---

24  [3]     Defendants do not move to dismiss Plaintiff's Bane Act claim, First Amendment claim,
    Fourteenth Amendment claim, or Rehabilitation Act claim. Under a subheading regarding Rule
25  8, Defendants argue in a single, conclusory sentence that "each and every cause of action . . . fails
    to state a cognizable legal theory." (ECF No. 15-1 at 5.) However, Defendants do not raise
26  specific arguments as to the Bane Act claim, First Amendment claim, Fourteenth Amendment
    claim, or Rehabilitation Act claim until the reply. The Court declines to consider arguments
27  raised for the first time in a reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

5

should not give Plaintiff leave to amend because Defendants are entitled to various forms of immunity.  (*Id.* at 9–10.)  In the alternative, Defendants move for a more definite statement pursuant to Rule 12(e).  (*Id.* at 10–11.)

Plaintiff's opposition lacks clarity.  Rather than respond to Defendants' specific arguments, Plaintiff provides new factual allegations about the incident that are not present in the FAC to argue the officers engaged in an unlawful traffic stop and used excessive force against him in violation of the Fourth Amendment.  (*See generally* ECF No. 17.)  The Court will not consider allegations that are not present in the FAC.  *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

The Court agrees with Defendants that Plaintiff fails to plead a § 1983 claim against the Redding Police Department or a Fifth Amendment claim against any Defendants.  Therefore, the Court DISMISSES those claims without leave to amend for the reasons set forth in the Findings and Recommendations.[4]  (*See* ECF No. 25 at 19–20, 21–22.)  However, the Court disagrees with Defendants' remaining arguments.  The Court will address Rule 8, the Fourth Amendment claim, the ADA claim, immunity, and the motion to strike in turn.

### A. Rule 8

Defendants argue the FAC violates Rule 8 because Plaintiff lumped all Defendants together and failed to properly plead claims against specific Defendants.[5]  (ECF No. 15-1 at 5.)  Defendants raise a similar argument to move for a more definite statement.  (*Id.* at 10–11.)

The Court agrees with Defendants that the FAC could be clearer.  However, pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 52 (1972).  The Court can glean Plaintiff's claims from the FAC,

---

[4] The Court does not adopt the magistrate judge's reliance on body camera footage in dismissing the Fifth Amendment claim but instead adopts only the magistrate judge's reasoning that Plaintiff's allegations are insufficient.  (*See* ECF No. 25 at 19–20.)

[5] Defendants also argue the FAC violates Rules 9 and 10 (ECF No. 15-1 at 5), but Defendants fail to develop these arguments and the Court declines to address them.

6

1 and it appears Defendants had sufficient notice to respond to those claims.  Therefore, the Court

2 DENIES Defendants' motion to dismiss the entire FAC under Rule 8.  For the same reasons, the

3 Court DENIES Defendants' motion for a more definite statement.

B.     Fourth Amendment Claim

Defendants argue Plaintiff fails to plead a Fourth Amendment claim against any of Defendants.  (ECF No. 15-1 at 6.)  The Fourth Amendment protects the "right of the people to be secure . . . against unreasonable searches and seizures."  U.S. Const. amend. IV.  Claims for unlawful stop and detention will be upheld only if there is no reasonable suspicion.  *See United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) ("[A]n investigatory stop by the police may be made only if the officer in question has a reasonable suspicion supported by articulable facts that criminal activity may be afoot[.]" (internal quotations and citation omitted)).  Claims for false arrest will be upheld only if there is no probable cause.  *See United States v. Miles*, 247 F.3d 1009, 1012 (9th Cir. 2001) (noting that if a detention proceeds beyond "a brief stop, interrogation, and, under proper circumstances, a brief check for weapons," and an arrest occurs, probable cause is required).  The Fourth Amendment permits officers making an arrest to use force, but only an amount that is objectively reasonable under the circumstances.  *Tennessee v. Garner*, 471 U.S. 1, 11 (1985).  Reasonableness of force is usually a fact question for the jury.  *Liston v. Cnty. of Riverside*, 120 F.3d 965, 976 n.10 (9th Cir. 1997).

In the FAC, Plaintiff alleges Officers Dahnke and Upshaw wrongfully pulled him over for not having a front license plate.  (ECF No. 5 at 5–6.)  Plaintiff further alleges all the individual officers subsequently pulled Plaintiff out of his vehicle, causing him serious injuries.  (*Id.* at 1–2, 8.)  Lastly, Plaintiff alleges the officers proceeded to search his vehicle without his consent and seized his only car key.  (*Id.* at 9–10.)  Defendants do not address any of Plaintiff's factual allegations or raise any specific arguments about why Plaintiff's Fourth Amendment claim fails.[6]

---

[6] For the first time in reply, Defendants request the Court take judicial notice of, among other things, body camera footage of the incident.  (ECF No. 18 at 4; ECF No. 23.)  Defendants argue the body camera footage contradicts and disproves Plaintiff's allegations.  (ECF No. 18 at 4.)  The Court DENIES Defendants' request for judicial notice as Defendants improperly raised the issue for the first time in reply.  *Zamani*, 491 F.3d at 997.  The Court also notes "it is improper to assume the truth of an incorporated document if such assumptions only serve to

(*See* ECF No. 15-1 at 6.) Based on Plaintiff's factual allegations about his wrongful detention, excessive force, and unlawful search and seizure — and absent meaningful argument from Defendants — the Court DENIES Defendants' motion to dismiss Plaintiff's Fourth Amendment claim against the individual officers.

### C.  ADA Claim

Defendants argue Plaintiff fails to plead an ADA claim. (ECF No. 15-1 at 7.) Title II of the ADA "prohibit[s] discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002)). To state an ADA claim, Plaintiff must allege he: (1) had a disability; (2) was qualified to participate in or receive the benefit of a public entity's services, programs, or activities; (3) was denied those services, programs, or activities or otherwise discriminated against by the public entity; and (4) that denial or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004). The Ninth Circuit has interpreted the terms "services, programs, or activities" to encompass "anything a public entity does" — including arrests. *Sheehan v. City & Cnty. of S.F.*, 743 F.3d 1211, 1232 (9th Cir. 2014), *rev'd in part on unrelated grounds*, 135 S. Ct. 1765 (2015). The *Sheehan* court recognized two types claims stemming from arrests: (1) wrongful arrest, where police wrongly arrest someone with a disability because they misperceive the effects of that disability as criminal activity; and (2) reasonable accommodation, where police fail to reasonably accommodate the person's disability in the course of investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees. *Id.*

Plaintiff alleges the second type of claim: that the officers failed to reasonably accommodate his disability during his arrest. (ECF No. 5 at 17–18.) Plaintiff alleges he used a cane, which the officers knocked out of his hands. (*Id.* at 17.) Plaintiff alleges he also suffers from various medical conditions, such as PTSD and respiratory issues, and the officers refused to provide Plaintiff with required medical attention during the arrest. (*Id.* at 18.) Defendants again

---

dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). The Court also DENIES the request for judicial notice as to other records which were not relied upon in this Order. (ECF No. 23.)

fail to address Plaintiff's factual allegations or raise any specific argument as to why the ADA claim fails. (*See* ECF No. 15-1 at 7.) Based on the factual allegations about Plaintiff's disabilities in the FAC and Defendants' subpar briefing on the issue, the Court DENIES Defendants' motion to dismiss Plaintiff's ADA claim.

### D. Immunity

Defendants vaguely argue qualified immunity bars this action against individual Defendants. (*Id.* at 9–10.) However, Defendants then proceed to provide rule statements about various provisions of the California Government Code. (*Id.*) Defendants fail to provide any substantive argument about how those provisions apply to the instant case. (*Id.*) In the absence of any meaningful argument on the issue, the Court DENIES Defendants' motion to dismiss on immunity grounds.

### E. Motion to Strike

Rule 12(f) provides that a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court will only consider striking an allegation if it fits within one of these five categories. *Yursik v. Inland Crop Dusters Inc.*, No. CV-F-11-01602-LJO-JLT, 2011 WL 5592888, at *3 (E.D. Cal. Nov. 16, 2011) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010)). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, Rule 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Id.*

Defendants request the Court strike Plaintiff's redundant Fourth Amendment claim and the following allegations as immaterial, impertinent, or scandalous:

1. Page 1, lines 19–20: labels describing Defendants as "*Brady* cops," "Bad Apples," or officers "with [a] troubled history pursuant to *Brady & Giglio*"

9

  2. Page 2, line 25: incomplete hypothetical facts

  3. Page 4, line 8 and page 5, line 9: speculative allegations and unreasonable inferences that officers deleted evidence from Plaintiff's phone and broke his arm with the intent that he would never be able to use his arm again to record

  4. Page 5, lines 17–22: allegations pertaining to the unrelated case *Hursey v. Redding Police Department*

  5. Pages 5–10: allegations that are needlessly redundant, unnecessary storytelling, impertinent or immaterial, create spurious issues, and unnecessarily complicate the matter

  6. Pages 11–16: allegations related to Shasta County Jail and its employees, the Shasta County District Attorney's Office, and the Racial and Identity Profiling Advisory Board; allegations that create spurious issues about disclosure of *Brady* materials in criminal prosecutions and investigations conducted by the RIPA board

  7. Pages 12–16: speculative allegations and unreasonable inferences regarding officers' conduct and state of mind

  8. Pages 19–20: allegations regarding the "reasons for relief sought" which are needlessly redundant.

(ECF No. 15-1 at 7–9.)

  While the Court acknowledges some of these allegations may be less relevant than others, Defendants' arguments are vague and underdeveloped. The Court concludes Plaintiff's allegations regarding his Fourth Amendment claim on pages one and two are simply an introduction to the FAC and not redundant to the cause of action pleaded on pages five through ten. As to the other challenged allegations, Defendants make no substantive argument as to why these allegations are immaterial, impertinent, or scandalous. Defendants fail to persuade the Court that these allegations should be stricken. *See Lobaton v. City of San Diego*, No. 3:15-CV-1416-GPC-DHB, 2015 WL 7864186, at *3 (S.D. Cal. Dec. 2, 2015) ("[T]he Court finds that [d]efendants have failed to establish that these portions of the amended complaint 'have no possible relation or logical connection' to the subject matter of this case."); *Neveu v. City of*

*Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."). Moreover, "[a]ny doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." *Id.*

Accordingly, the Court DENIES Defendants' motion to strike.

### IV. CONCLUSION

For the foregoing reasons, the Court ADOPTS in part and DECLINES TO ADOPT in part the Findings and Recommendations filed April 4, 2025. (ECF No. 25.) Accordingly, the Court GRANTS in part and DENIES in part Defendants' Amended Motion to Dismiss (ECF No. 15) as follows:

1. Plaintiff's Fifth Amendment claim is DISMISSED without leave to amend;
2. Plaintiff's § 1983 claims against the Redding Police Department are DISMISSED without leave to amend; and
3. Defendants' Motion to Dismiss is DENIED in all other respects.

Further, the Court DENIES Defendants' request to strike as moot. (ECF No. 34.) The case will proceed on Plaintiff's Bane Act claim, First Amendment claim, Fourth Amendment claim, Fourteenth Amendment claim, and ADA/Rehabilitation Act claim. This matter is referred back to the magistrate judge for further pretrial proceedings.

IT IS SO ORDERED.

Date: June 11, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

11