UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WARD, | No. 2:24-cv-0978 TLN AC |
| Plaintiff, | |
| v. | **ORDER** |
| CITY OF REDDING, et al., | |
| Defendants. | |

Following the Pretrial Scheduling Conference in this case, see ECF No. 47, plaintiff has filed several motions and requests. ECF Nos. 49, 50, 53, 58. Below the court addresses these matters and sets the case for a further status conference to discuss general issues related to the course of litigation.

I.      Requests for Reconsideration (ECF Nos. 49, 50)

The documents filed at ECF Nos. 49 and 50 both expressly seek review by the assigned district judge, Hon. Troy L. Nunley, of the ruling of the undersigned at the pretrial scheduling conference denying a discovery motion (ECF No. 45) without prejudice to refiling in compliance with the applicable rules governing discovery. Neither ECF No. 49 nor ECF No. 50 is captioned as required by Local Rule 303(c), which provides that such requests "shall be captioned 'Request for Reconsideration by the District Court of Magistrate Judge's Ruling.'" L.R. 303(c). Because

1  it is nonetheless clear that plaintiff seeks the review authorized by 28 U.S.C. § 636(b)(1)(a) and
2  Rule 72(a) of the Federal Rules of Civil Procedure, the motions at ECF Nos. 49 and 50 are
3  construed as brought pursuant to Local Rule 303(c) and will accordingly be addressed by the
4  district judge.

5      II.    <u>Objection to Scheduling Order and Request for Extension of Time (ECF No. 53)</u>

6      Plaintiff objects to the setting of an "unrealistic" deadline for discovery, and contends that
7  the undersigned has improperly limited discovery at the outset. ECF No. 53 at 1-2. It is not
8  entirely clear which discovery deadlines plaintiff seeks to extend, and his motion does not request
9  any specific new deadlines.

10     To the extent that plaintiff seeks to retroactively reset the deadline for initial disclosures, it
11 appears he may be under the misapprehension that initial disclosures operate as a hard limit on
12 the scope of subsequent discovery and that they dictate the admissibility of evidence at trial. That
13 is not the case. Initial disclosures are made based on the information reasonably available to the
14 parties at the time, Fed. R, Civ. P 26((a)(1)(E), and are subject to later supplementation. The
15 court has ordered no limitations on the scope of discovery in this case, and has made no
16 determinations about the admissibility of evidence. Discovery remains open until August 3,
17 2026. ECF No. 48.

18     The only discovery-related ruling to date was the denial *without prejudice* of plaintiff's
19 motion to compel responses to a subpoena (ECF No. 45). Without prejudice means that plaintiff
20 may try again. The undersigned explained at the scheduling conference that because plaintiff
21 seeks documents from defendant City of Redding Police Department, he may utilize the tools of
22 party discovery (such as a request for production of documents) rather than a third-party
23 subpoena. Plaintiff has not been prevented from using any of the discovery processes available
24 under the federal rules, and he may bring a motion to compel at any time if he is dissatisfied with
25 defendants' production in response to a proper request. Such motions must comply with the
26 provisions of Local Rule 251 as well as the Federal Rules of Civil Procedure.

27     As to witnesses, the court merely informed plaintiff that testimony about incidents other
28 than those giving rise to a plaintiff's claims is typically considered irrelevant except to the extent

that it establishes a pattern or practice of defendant misconduct.

Plaintiff has not identified any basis to revisit the initial disclosure deadline. He is free to seek modification of the scheduling order in the future should discovery prove to be unusually complicated or time-consuming.

### III.     Motion for Reinstatement of *Monell* Claim (ECF No. 58)

On defendants' motion to dismiss the First Amended Complaint, plaintiff's claims against the Redding Police Department under 42 U.S.C. § 1983 were dismissed without leave to amend for failure to state a claim under Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690-91 (1978).[1] See ECF No. 25 (findings and recommendations) at 21-22; ECF No. 37 (order of the district judge) at 6, 11. Plaintiff now seeks to "restore" a Monell claim based on additional facts. ECF No. 58. Although the motion is directed on its face to the district judge, id. at 1, the Local Rules of this court refer all motions in pro se cases to the assigned magistrate judge in the first instance. See L.R. 302(c)(21).

Although plaintiff states that he is seeking to "reinstate" a claim, he also clearly states that he seeks to plead new factual allegations based on recent discovery. ECF No. 58 at 1, 8 (outlining "new evidence"). Accordingly, it appears that plaintiff wishes to amend the complaint. The relief that plaintiff seeks is governed by Rule 15(a)(2) of the Federal Rules of Civil Procedure. Leave to amend under this rule should be freely given "when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962). It may be denied for reasons including the futility of amendment and prejudice to the opposing party. Id. The motion before the court does not permit evaluation of the adequacy of a free-standing Monell claim or assertions of municipal liability related to plaintiff's § 1983 claims against individual defendants. To ensure proper consideration of plaintiff's request, the court will vacate the motion at ECF No. 58 and direct plaintiff to file a Motion for Leave to Amend pursuant to Rule 15(a)(2), accompanied by a **proposed** Second Amended Complaint.

---

[1] Other claims against the police department remain.

3

A proposed second amended complaint must include all the claims that Judge Nunley has previously authorized to proceed, see ECF No. 37, as well as the proposed Monell claim(s). This is because, as a general rule, an amended complaint supersedes the previous pleading. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Briefing of the anticipated Motion to Amend shall follow Local Rule 230.

## CONCLUSION

For the reasons explained above, it is HEREBY ORDERED as follows:

1. Plaintiff's filings at ECF Nos. 49 and 50 are construed as Requests for Reconsideration by the District Court of Magistrate Judge's Ruling, and will be addressed pursuant to Local Rule 303(c) by the district judge;

2. Plaintiff's motion at ECF No. 53 is DENIED;

3. Plaintiff's request to "restore" the dismissed Monell claim to the First Amended Complaint (ECF No. 58) is VACATED without prejudice to the filing of a Motion for Leave to Amend under Rule 15(a)(2). Such a motion shall be filed and briefed pursuant to Local Rule 230, and it must be accompanied by a proposed Second Amended Complaint that (a) clearly sets forth plaintiff's new allegations and claim(s) related to municipal liability, and (b) includes all claims previously authorized to proceed.

4. On the court's own motion, a status conference is set for October 29, 2025, at 10:00 a.m. to be held via Zoom.

DATED: October 8, 2025

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE