1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL WARD,                              No. 2:24-cv-0978 TLN AC

12                  Plaintiff,

13          v.                                   **ORDER**

14    CITY OF REDDING, et al.,

15                  Defendants.

16

17

18          Plaintiff has filed multiple motions, requests, and objections in this action seeking various

19    forms of relief, with some expressly directed to the assigned district judge, Hon. Troy L. Nunley.

20    ECF Nos. 60, 64-66, 74-75.  Below, the court addresses these matters as they relate to the

21    undersigned and outlines general issues related to the course of litigation.

22          I.      Procedural History

23          Plaintiff commenced this action on April 1, 2024, and filed a First Amended Complaint

24    ("FAC") on April 23, 2024.  ECF Nos. 1, 5.  The FAC alleged six claims arising from various

25    interactions with Redding police officers in 2023 and 2024, most notably a traffic stop that

26    occurred at approximately 8:00 p.m. on November 4, 2023.  ECF No. 5 at 1, 4-11.  On April 4,

27    2025, the undersigned recommended granting defendants' motion to dismiss this action.  ECF

28    No. 25.  On June 13, 2023, the district judge instead denied the motion to dismiss except as to

                                                  1

1    plaintiff's claim under the Fifth Amendment, and as to any claim against the Redding Police

2    Department under 42 U.S.C. § 1983.  ECF No. 37 at 11.

3         On August 13, 2025, plaintiff moved to compel defendants to respond to a discovery

4    request he made via third-party subpoena.  ECF No. 45.  At an August 20 pretrial scheduling

5    conference, the undersigned explained that because plaintiff seeks documents from defendant

6    City of Redding Police Department, he may utilize the tools of party discovery (such as a request

7    for production of documents) rather than a third-party subpoena.  ECF No. 47.  It therefore denied

8    plaintiff's motion to compel, without prejudice to filing such a motion after plaintiff propounds

9    party discovery.  Id.

10        Plaintiff subsequently filed two separate "Objection[s]" to this order, both of which

11   expressly sought review by the assigned district judge.  ECF Nos. 49, 50.  A separate objection to

12   the order argued that the undersigned had set an "unrealistic" deadline for discovery, and that the

13   undersigned has improperly limited discovery at the outset.  ECF No. 53 at 1-2.  Plaintiff also

14   filed what he characterized as a motion to "restore" the dismissed Monell claim on October 1,

15   2025, based on additional facts.  ECF No. 58.

16        On October 8, 2025, the undersigned issued an order addressing plaintiff's filings thus far.

17   ECF No. 59.  The order acknowledged that ECF Nos. 49 and 50, while improperly titled, were

18   appropriately before the district judge.  Id. at 1-2.  As to ECF No. 53, the undersigned reiterated

19   that denial of plaintiff's motion to compel responses was without prejudice to filing such a motion

20   after propounding party discovery.  Id. at 2.  The order did not impact the scope of discovery,

21   aside from informing plaintiff that "incidents other than those giving rise to a plaintiff's claims

22   [are] typically considered irrelevant except to the extent that [they] establish[] a pattern or

23   practice of defendant misconduct."  Id. at 2-3.

24        Finally, as to ECF No. 58, the undersigned found that the motion to "restore" the previous

25   Monell claim was more accurately construed as a motion for leave the amend the complaint to

26   add a new claim based on additional factual allegations.  ECF No. 59 at 3.  The order therefore

27   vacated the motion without prejudice to the filing of a Motion for Leave to Amend that complies

28   with Rule 15(a)(2).  Id. at 3-4.  Such a motion, the court informed plaintiff, must be accompanied

by a proposed Second Amended Complaint that includes both any proposed <u>Monell</u> claims and all claims that Judge Nunley had previously authorized to proceed when partially denying defendants' motion to dismiss this action.  <u>Id.</u>

Plaintiff moved for review of the magistrate judge's order on October 14, 2025, and separately threatened "to file a complaint against all parties involved" if this motion was referred to the undersigned.  ECF Nos. 60-61.  Plaintiff then failed to appear for a status conference on October 29, 2025.  ECF No. 63.  As the primary purpose of this conference was to advise plaintiff on the status of current filings and explain the relationship between magistrate judge and district judge roles and responsibilities, the Court found it unnecessary to reschedule the conference.  <u>Id.</u> Plaintiff nevertheless objected to the minute order memorializing the conference on November 6, 2025 (ECF No. 65), two days after filing a motion for leave to amend his complaint (ECF No. 64).

Defendants opposed the motion for leave to amend the complaint on November 20, 2025. ECF No. 67.  They responded to the objections one day later, in part by requesting sanctions against plaintiff for repeated violations of the Federal Rules of Civil Procedures.  ECF No. 70. On December 4, 2025, plaintiff replied via a "Motion for Contempt of Federal Court," which sought monetary sanctions against defendants based on conduct that allegedly prevented plaintiff from appearing at the status conference.  ECF No. 74.

On December 12, 2025, plaintiff filed a motion for a protective order requesting that the court (1) quash a subpoena defendants propounded on an ARCO AM/PM gas station ("ARCO") for its video surveillance footage with any accompanying audio, and (2) appoint a neutral custodian or arrange for third-party storage of any such video evidence.  ECF No. 75.

II.    <u>The Respective Roles of the District Judge and the Magistrate Judge</u>

The following explanation is intended to clarify for plaintiff's benefit the respective roles of the district judge and the magistrate judge and the processes for seeking reconsideration of rulings.

A.  <u>Discovery Matters</u>

In all civil litigation in this court, the assigned U.S. Magistrate Judge manages discovery

3

and rules on all discovery-related motions.  Local Rules 302(c)(1), 303(a).  The magistrate judge's authority to decide discovery matters is part of the magistrate judge's general authority to decide non-dispositive pretrial matters under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure.  Accordingly, all discovery-related matters will be considered and decided in the first instance by the magistrate judge even if a party attempts to notice them before the district judge.  The magistrate judge has authority to issue final orders on such matters.  Local Rule 303(b).  The assigned district judge may overturn a discovery order by a magistrate judge (or any other magistrate judge order on a non-dispositive matter) only if the decision was "clearly erroneous or contrary to law."  Rule 72(a); 28 U.S.C. § 636(b)(1)(A).  In order to obtain review by the district judge, a party must file a Request for Reconsideration by the District Judge of Magistrate Judge's Ruling within 14 days of the magistrate judge's order.  Local Rule 303(c).  The document must be captioned "Request for Reconsideration by the District Judge of Magistrate Judge's Ruling."  Id.  Failure to caption the document correctly may result in the request for consideration being addressed by the magistrate judge, because all judges have the authority to reconsider their own orders and a generic "request for reconsideration" may be construed as a request for such review.

B. Referral of Pro Se Cases

As a general matter, district judges may refer "dispositive" pretrial matters (things like motions for preliminary injunction, motions to dismiss, and motions for summary judgment) to magistrate judges for the preparation of Findings and Recommendations.  28 U.S.C. § 636(b)(1)(B); Rule 72(b)(1).  Where there has been such a referral, the district judge has the final word.  The magistrate judge considers the briefs, analyzes the motion, and submits Findings and Recommendations for the district judge's review.  The parties are given the opportunity to object in writing to all or part of the Findings and Recommendations. 28 U.S.C. § 636(b)(1)(C); Rule 72(b)(2)&(3); Local Rule 304(b).  Such objections should be captioned "Objections to Findings and Recommendations."  The district judge then reviews the matter de novo and issues a ruling which may adopt, reject, or adopt in part and reject in part the Findings and Recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C); Rule 72(b)(3).

1    In the Sacramento Division of the Eastern District of California, all cases involving pro se

2    litigants are referred for all pretrial purposes to the assigned magistrate judge.  Local Rule

3    302(c)(21).  The district judge will be the trial judge, but the magistrate judge manages the case,

4    conducts any pretrial hearings, and handles all pretrial motions in the first instance.  Where a

5    motion or other pretrial case management matter involves a "non-dispositive" issue, the

6    magistrate judge has the authority to decide it by order.  Any orders issued by the magistrate

7    judge are subject to district judge reconsideration according to the process described above in

8    relation to discovery matters.  Where a motion presents a "dispositive" issue, the magistrate judge

9    will issue Findings and Recommendations as explained in the previous paragraph and the parties

10    may file objections.

11    C.  Status of Miscellaneous Matters in this Case

12    In this case, the magistrate judge has denied some of plaintiff's motions—such as the

13    above-mentioned motions to compel compliance with a subpoena and to restore a Monell claim—

14    for procedural reasons and without addressing their merits.  When a motion is denied "without

15    prejudice" on procedural grounds, that means plaintiff is being given the opportunity to resubmit

16    his motion in proper form and/or after following the correct procedures.  This is not a ruling on

17    the substance of the motion.  Similarly, when the court "vacates" a motion it is not ruling on the

18    motion, it is indicating that the motion cannot be decided in its present form.  Seeking the district

19    judge's reconsideration of such case management orders, rather than following the magistrate

20    judge's instructions about how to properly present an issue, has the effect of slowing down the

21    progress of the lawsuit.  In any event, plaintiff's requests for reconsideration at ECF Nos. 49, 50,

22    and 60 remain pending before U.S. District Judge Nunley.

23    Plaintiff's Motion to Amend the Complaint (ECF No. 64), although addressed on its face

24    to Judge Nunley, comes within the scope of the referral to the magistrate judge under Local Rule

25    302(c)(21).  Because the magistrate judge has never ruled on the matters presented by this

26    motion, there is nothing for the district judge to reconsider.  Accordingly, the undersigned will

27    address this motion below.

28    Plaintiff's Objections to Magistrate's Enforcement of Minute Order (ECF No. 65),

5

although not captioned as a "Request for Reconsideration by the District Judge of Magistrate Judge's Ruling," expressly seeks Judge Nunley's review of a magistrate judge order and so will be construed as a request for reconsideration under Federal Rule 72(a) and Local Rule 303(c). The undersigned notes that the minute order at issue merely documented plaintiff's non-appearance and did not oppose any sanctions.  The scheduling of status conferences is within the court's discretion and the undersigned presently sees no reason to conduct a further status conference.

Plaintiff's filing at ECF No. 74 combines a "Counter Motion for Contempt of Federal Court" with a motion for an Order to Show Cause why defendants should not be monetarily sanctioned and with plaintiff's reply to defendants' response to ECF No. 65.  ECF No. 74 at 1. To the extent that this document constitutes a reply brief in support of ECF No. 65, it will be considered by Judge Nunley in that context.  To the extent that this document opposes defendants' request for sanctions in their opposition to the motion at ECF No. 65, see ECF No. 70 at 6, it will also be considered by Judge Nunley.  However, to the extent that plaintiff seeks monetary sanctions and to initiate contempt proceedings against defendants, the motion comes within the scope of the referral to the magistrate judge under Local Rule 302(c)(21) and is addressed below.

Plaintiff's Motion for Protective Order (ECF No. 75) comes within the scope of the referral under Local Rule 302(c)(21) and does not seek reconsideration of any prior order. Accordingly, it is resolved below.

III.    Motion for Leave to Amend (ECF No. 64)

A.    Discussion

Plaintiff previously sought to "reinstate" a dismissed Monell claim.[1]  ECF No. 58. Because it appeared that plaintiff wished to predicate an amended Monell claim on facts discovered after the original claim was dismissed, but the proposed amended claim was not sufficiently stated, the undersigned vacated plaintiff's motion and directed him to file a Motion

---

[1]  See Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978).

1    for Leave to Amend pursuant to Rule 15(a)(2), accompanied by a proposed Second Amended

2    Complaint ("SAC").  ECF No. 59.  No such motion has been filed.

3            The present motion, which plaintiff presents as a "supplemental motion," does not include

4    a putative <u>Monell</u> claim against the City, but asserts new theories of liability as to individual

5    officers.[2]  Plaintiff seeks to add three additional officers of the Redding Police Department as

6    defendants and to plead additional facts regarding their investigation into the original complaint.

7    ECF No. 64 at 1-2.  The new allegations include, *inter alia*, comments purportedly made by one

8    of these defendants, Detective Christopher Mills, regarding a failure to provide evidence of

9    officer misconduct to the district attorney's office.  <u>Id.</u> at 2-4.  Plaintiff also makes allegations

10    regarding a new unlawful traffic stop, stalking by police officers, and related misconduct.  <u>Id.</u>,

11    passim.  No specific causes of action are specified, however.

12            This motion suffers from the same defect as the previous motion to "reinstate" a <u>Monell</u>

13    claim: the absence of a proposed amended pleading.  Plaintiff has been informed that a motion to

14    amend the complaint must be accompanied by a proposed amended complaint including all

15    claims, new and old:

16            A proposed second amended complaint must include all the claims
            that Judge Nunley has previously authorized to proceed, <u>see</u> ECF No.
17            37, as well as the proposed <u>Monell</u> claim(s).  This is because, as a
            general rule, an amended complaint supersedes the previous
18            pleading.  <u>See</u> <u>Pacific Bell Tel. Co. v. Linkline Communications,</u>
            <u>Inc.</u>, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended
19            complaint supersedes the original complaint") (citing 6 C. Wright &
            A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed.
20            1990)).  Briefing of the anticipated Motion to Amend shall follow
            Local Rule 230.
21

22    ECF No. 59 at 4.

23            The present motion does not include a proposed Second Amended Complaint.  Without a

24    proposed amended pleading to review, the court cannot evaluate the propriety of amendment.

25            Accordingly, the court will once again vacate plaintiff's ineffective motion without

26

27    [2]  Plaintiff does reference a <u>Monell</u> claim, in arguing that his new claim against Officer Odell
    supports the existence of a municipal pattern or practice.  ECF No. 64 at 6.  No <u>Monell</u> claim is
28    separately set forth, however.

prejudice to bringing a motion for leave to amend which is supported by a proposed Second Amended Complaint.  In vacating the motion at ECF No. 64, *the court is not denying leave to amend.*  Instead, the court is informing plaintiff that a request to amend cannot be considered unless plaintiff submits a proposed Second Amended Complaint that contains all claims and allegations that plaintiff wishes to pursue against all intended defendants, both those previously authorized to proceed and those that plaintiff wishes to add, and presents such claims and allegations in proper pleading form.

To assist plaintiff in this endeavor, the court provides the following guidance for preparation of a proposed Second Amended Complaint.

B.  <u>Amending a Complaint</u>

Under the Federal Rules of Civil Procedure, pleadings must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

The allegations of the complaint should be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4 200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Each cause of action should be clearly identified and separately set forth, specifying the legal basis for the claim (i.e., what law or constitutional right is alleged to have been violated), the defendant(s) against whom the claim is brought, and the factual basis for the claim.  The causes of action should be sequentially numbered (for example, "First Cause of Action: Breach of Contract

1  (against Defendants John Doe and Doe, Inc.)"; "Second Cause of Action: Violation of Federal

2  Statute X (against Defendant Jane Doe)"; etc.).

3       Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid

4  narrative and storytelling.  That is, the complaint should not include every detail of what

5  happened, nor recount the details of conversations (unless necessary to establish the claim), nor

6  give a running account of plaintiff's hopes and thoughts.  Rather, an amended complaint should

7  contain only those facts needed to show how the defendant legally wronged the plaintiff.

8       An amended complaint must not force the court and the defendants to guess at what is

9  being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)

10  (affirming dismissal of a complaint where the district court was "literally guessing as to what

11  facts support the legal claims being asserted against certain defendants").  An amended complaint

12  must not require the court to spend its time "preparing the 'short and plain statement' which Rule

13  8 obligated plaintiffs to submit."  Id. at 1180.  An amended complaint must not require the court

14  and defendants to prepare lengthy outlines "to determine who is being sued for what."  Id. at

15  1179.

16       Also, an amended complaint must not refer to a prior pleading in order to make plaintiff's

17  amended complaint complete.  An amended complaint must be complete in itself without

18  reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended

19  complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline

20  Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

21  supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &

22  Procedure§ 1476, pp. 556 57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an

23  original complaint, each claim and the involvement of each defendant must be sufficiently

24  alleged.

25       When submitting a proposed amended complaint in support of a motion to amend, the

26  motion need not repeat the allegations of the proposed pleading.  It is enough for the motion to

27  identify in summary the claims and/or defendants newly added in the proposed pleading.  The

28  motion should focus on why the court should permit the amendment.  The Proposed Second

9

1     Amended Complaint should be submitted as an attachment to the motion.

2         IV.    Motion for Contempt and Sanctions (ECF No. 74)

3             Plaintiff seeks monetary sanctions and initiation of contempt proceedings against

4     defendants for various forms of misconduct, including conduct alleged to have caused plaintiff's

5     non-appearance at the October 29, 2025, status conference and conduct alleged to have violated

6     plaintiff's constitutional rights.  ECF No. 74.  Plaintiff contends that his non-appearance was

7     caused by the actions of Redding police officers and that defense counsel orchestrated those

8     actions.  Plaintiff's allegations against defense counsel are unsupported by fact.  No evidence

9     supports any improper conduct or malicious intent on counsel's part.

10            To the extent if any that plaintiff wishes to seek relief for the actions of defendant officers

11    for their alleged violations of his rights, such claims may be included in any proposed amended

12    complaint that plaintiff seeks leave to file.  Monetary damages and injunctive relief, which

13    plaintiff expressly seeks by this motion (id. at 12), are remedies which may be sought in a

14    complaint but are not available as sanctions.

15            ECF No. 74 is accordingly denied to the extent it seeks sanctions and the initiation of

16    contempt proceedings.

17        V.    Motion for a Protective Order (ECF No. 75)

18            This motion involves video surveillance footage from an ARCO station where plaintiff

19    alleges that he was illegally monitored and stalked by a Redding police officer.[3]  Plaintiff asserts

20    that defendants have served ARCO with a subpoena for footage.  ECF No. 75 at 1.  On December

21    10, 2025, plaintiff sent ARCO a "Demand for Preservation of Evidence" ("Demand Letter"),

22    requesting preservation of all interior and exterior surveillance footage from 2:00 p.m. to 4:30

23    p.m. on October 25, 2025.  ECF No. 75 at 5-6.  The letter demands copies of any videos that have

24    not been turned over to the Redding Police Department, and warns that he will know if the

25    footage has been altered in any way.  Id. at 6.  Plaintiff also served ARCO with a subpoena to the

26    same effect.  Id. at 8.

27

28    [3]  The incident is described in the motion to amend at ECF No. 64.

                                                              10

Plaintiff seeks a protective order to prevent evidence tampering.  He contends that allowing defendants to obtain the footage provides them an opportunity to alter, manipulate, or even destroy the video evidence of officer misconduct.  Id. at 1-2.  Plaintiff speculates that if defendants destroy the original video, they could then invoke Fed. R. Evid. 1004 to submit testimony and other evidence of the video's contents.  Id. at 2.  He argues that under Fed. R. Evid. 26(c), the court can designate the video as confidential, limit who sees it, and even appoint a neutral third-party such as a forensic digital imaging company to receive and preserve it.  Id. at 3.

The Federal Rules of Evidence permit courts to issue protective orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  Fed. R. Civ. P. 26(c)(1).  However, only the "party or … person from whom discovery is sought may move for a protective order[.]"  Fed. R. Civ. P. 26(c)(1).  Plaintiff provides no authority for the proposition that he may obtain a protective order on ARCO's behalf.  In short, plaintiff has no standing to object to defendants' third-party discovery efforts.

Even assuming the court's authority to specify the terms of discovery or prescribe the methods of discovery in this context, the party seeking a protective order "has the burden of proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted."  Underwood v. BNSF Railway Co., 359 F.Supp. 953, 956 (D. Mont. 2018) (quoting In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011)).  Plaintiff's belief that defense counsel will tamper with evidence is entirely speculative.  The motion lacks any evidence to suggest that defendants would alter the requested surveillance footage.  Without such evidence, the court presumes that counsel understand and will honor their legal and ethical obligations.

The motion for a protective order is therefore denied.

<u>CONCLUSION</u>

For the reasons explained above, it is HEREBY ORDERED as follows:

1.  Plaintiff's motion to amend, ECF No. 64, is VACATED without prejudice to the filing of a Motion for Leave to Amend under Rule 15(a)(2).  Such a motion shall be filed and briefed pursuant to Local Rule 230, and it must be accompanied by a proposed

Second Amended Complaint that complies with the instructions for amendment set forth in this order;

2. Plaintiff's motion at ECF No. 74 is DENIED to the extent that it seeks monetary sanctions and initiation of contempt proceedings against defendants and/or their counsel;

3. Plaintiff's motion for a protective order, ECF No. 75, is DENIED;

4. The following matters remain pending before the assigned district judge: ECF Nos. 49, 50, 60, 65 and 74 (to the extent that ECF No. 74 contains plaintiff's reply to defendants' opposition to the motion for reconsideration at ECF No. 65); and

5. Any future requests for district judge review of magistrate judge rulings shall be captioned "Request for Reconsideration by the District Judge of Magistrate Judge's Ruling."

DATED: December 17, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE