UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL WARD,

Plaintiff,

v.

CITY OF REDDING, et al.,

Defendants.

No. 2:24-cv-0978 TLN AC

**ORDER**

On January 5, 2026, plaintiff moved for recusal of the undersigned magistrate judge. ECF No. 80. Defendants responded to the motion, ECF No. 81, and plaintiff replied, ECF No. 82. Plaintiff moved for expedited review of this motion on July 21, 2026. ECF No. 85.

1. Analysis

Plaintiff bases the recusal motion on both 28 U.S.C. § 144 and 28 U.S.C. § 455. ECF No. 85. Section 455 requires recusal of a judge in any proceeding where their impartiality may be reasonably questioned, including particular circumstances that present a unique conflict of interest. 28 U.S.C. § 455(a)-(b). Meanwhile, section 144 requires that upon the filing of a "timely and sufficient affidavit" articulating why the judge at issue has a personal bias or prejudice in the matter, another judge shall be assigned to determine whether the judge at issue should be recused.

The Ninth Circuit has reconciled the procedural differences between these two sections and found that they "are not redundant but are complementary, even when the only ground for recusal alleged is bias or prejudice." United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980). It noted that a motion brought under section 144 must be referred to another judge only after the judge presiding over the case "determines that the accompanying affidavit specifically alleges facts stating grounds for recusal[.]" Id. at 867. In contrast, "section 455 includes no provision for referral of the question of recusal to another judge." Id. at 867-68. The court concluded that:

> a party submitting a proper motion and affidavit under section 144 can get two bites of the apple. If, after considering all the circumstances, the judge declines to grant recusal pursuant to section 455(a) & (b)(1), the judge still must determine the legal sufficiency of the affidavit filed pursuant to section 144. If that affidavit is sufficient on its face, the motion must be referred to another judge for a determination of its merits under section 144.

Id. at 868. Because plaintiff is appearing *in propria persona*, the magistrate judge is the presiding judge for all pretrial matters in this action. E.D. Cal. Local Rule 302(c)(21). Consequently, it is the magistrate judge's responsibility to rule on the recusal motion under section 455, and to decide whether the affidavit filed under section 144 is adequate to require referral to the district judge.

Plaintiff seeks recusal because of the rulings of the undersigned in this action. Specifically, plaintiff targets the undersigned's recommendation that the district judge grant a motion to dismiss (ECF No. 80 at 2) and the decision to rule on various objections and motions that plaintiff intended for the district judge to handle (id. at 1, 4, 13; ECF No. 82 at 16-17). The affidavit filed in support of the motion repeats these allegations, again arguing that the undersigned improperly ruled on matters meant for the district judge (ECF No. 80-1 at 1, 4, 8) and overlooked key evidence in reaching such decisions (id. at 2; see also ECF No. 82 at 2-11 (outlining the factual history and legal authority underlying the claim in this action)).

Unfavorable judicial decisions do not provide proper grounds for recusal. See United States v. McChesney, 871 F.3d 801, 807 (9th Cir. 2017); United States v. Holland, 519 F.3d 909, 914-15 (9th Cir. 2008); Liteky v. United States, 510 U.S. 540, 555 (1994). Furthermore, the

undersigned has already explained this district's division of responsibility between the district judge and the magistrate judge in pro se cases.[1] See ECF No. 76 at 3-6. Plaintiff has received clear information regarding how and under what circumstances a party may seek reconsideration by the district judge of an order issued by the magistrate judge. Id. at 4. The undersigned followed these standards in determining which orders belonged in front of the district judge, and ruled directly on those which did not (see id. at 3-6).

Accordingly, recusal is not warranted under § 455. Moreover, because plaintiff's affidavit is based on a legal theory without merit, referral of the motion under section 144 is also unwarranted.

2. Pro Se Plaintiff Summary

Although you wanted the district judge to rule on your motion for recusal of the magistrate judge, neither the law governing recusal nor the Local Rules of this court support such a request. If your affidavit included facts to support a valid basis for recusal—such as some extra-judicial source of bias or conflict of interest—the assigned district judge would rule on the motion under 28 U.S.C. § 144. However, you base your motion on the undersigned's rulings against you in this case, which is not a legally sufficient reason for recusal and does not support referral to the district judge.

As with prior motions the undersigned has denied, however, you may now move for the district judge to reconsider this denial. As previously explained to you (see ECF No. 76 at 4), in order to obtain review by the district judge, a party must file a Request for Reconsideration by the District Judge of Magistrate Judge's Ruling within 14 days of the magistrate judge's order. Local Rule 303(c). The document must be captioned "Request for Reconsideration by the District Judge of Magistrate Judge's Ruling." Id. Failure to caption the document correctly may result in the request for consideration being addressed by the magistrate judge, because all judges have the authority to reconsider their own orders and a generic "request for reconsideration" may be

---

[1] Accordingly, plaintiff's request that this matter be reassigned in its entirety "back to district judge" (ECF No. 80 at 2) has no basis in the Local Rules. Plaintiff has no right to district judge adjudication of non-dispositive pretrial matters.

construed as a request for such review.

CONCLUSION

For the reasons explained above, it is HEREBY ORDERED as follows:

1. Plaintiff's motion for recusal of Magistrate Judge Allison Claire, under 28 U.S.C. §§ 144, 455 (ECF No. 80) is DENIED; and
2. Plaintiff's request for expedited review of the motion for recusal (ECF No. 85) is DENIED AS MOOT.

DATED: July 27, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE