UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WARD,<br><br>Plaintiff,<br><br>v.<br><br>REDDING POLICE DEPARTMENT; et al.,<br><br>Defendants. | No. 2:24-cv-00978-TLN-AC<br><br>**ORDER** |

This matter is before the Court on five filings by *pro se* Plaintiff Michael Ward ("Plaintiff"). (ECF Nos. 49, 50, 60, 87, and 89.) While not designated as motions, based on the arguments set forth and requested relief, the Court construes the *pro se* filings as: (1) motions for reconsideration of the magistrate judge's August 20, 2025 order and motion to strike (ECF Nos. 49, 50); (2) motion for reconsideration of the magistrate judge's October 8, 2025 order and motion to stay proceedings (ECF No. 60); and (3) requests for expedited review (ECF Nos. 87, 89). The matters are fully briefed. (ECF Nos. 52, 54, 56, 61, 62.) For the reasons set forth below, Plaintiff's motions and requests are DENIED.

///

///

## I. Factual and Procedural Background

This case arises from Plaintiff's arrest following a traffic stop. (ECF No. 5 at 1.) The Court previously described the factual allegations from Plaintiff's First Amended Complaint and incorporates that recitation herein. (*See* ECF No. 37 at 2–3.)

Plaintiff filed a motion to compel Defendants to produce records pursuant to a subpoena.[1] (ECF Nos. 45.) On August 20, 2025, the magistrate judge denied Plaintiff's motion to compel discovery. (ECF No. 47.) Plaintiff filed an objection to this order requesting the Court overrule the magistrate judge and grant the motion to compel discovery. (ECF No. 49.) Plaintiff then filed a second objection to the magistrate judge's August 20, 2025 order requesting the Court again overrule the magistrate judge, grant his motion to compel discovery, and strike his first objection. (ECF No. 50.) The Court construes Plaintiff's objections as motions for reconsideration pursuant to Local Rule 303. (*Id.*; ECF Nos. 49.)

Plaintiff filed a motion for reinstatement of *Monell* claims.[2] (ECF No. 58.) On October 8, 2025, the magistrate judge vacated this motion without prejudice and directed Plaintiff to file a proposed second amended complaint alongside a motion for leave to amend. (ECF No. 59.) The magistrate judge did so after determining Plaintiff did not merely seek to "reinstate" his original claims, but to plead new factual allegations based on new evidence. (*Id.* at 3.) Plaintiff filed an objection seeking review of this order and request to stay proceedings. (ECF No. 60.) The Court construes Plaintiff's objection as a motion for reconsideration pursuant to Local Rule 303. (*Id.*)

---

[1] Plaintiff titled this document "Plaintiff's Motion in Support of Federal Subpoena, and or Motion to Compel Discovery Against Defendant's Demanding Disclosure of Brady, and Giglio Disciplinary Records in Discovery Process Federal Rule of Civil Procedure 26 Brady V Maryland, Giglio V United States." (ECF No. 45.) For purposes of brevity and clarity, the Court refers to this filing as Plaintiff's "motion to compel discovery."

[2] Plaintiff titled this document "Plaintiff's Motion to Federal Judge the Hon. Nunley Requesting Reinstatement of Monell Claim as Pursuant to New Significant' Vital Discovery of Intentional Cover-Up' By the Redding Police Department, Prosecutor, and Municipality Who Has an Documented Pattern- Of-Practice of an 'Unwritten Custom' in Violation of Monell." (ECF No. 58.) For purposes of brevity and clarity, the Court refers to this filing as Plaintiff's "motion for reinstatement of *Monell* claims."

Plaintiff subsequently filed two motions that the magistrate judge construed to be motions for reconsideration of the magistrate judge's July 28, 2026 order denying Plaintiff's motion for recusal and motion for expedited review. (ECF Nos. 87, 89.) However, as the relief Plaintiff seeks is the Court's expedited review of the magistrate judge orders Plaintiff challenges in his other motions, the Court construes these filings to be requests for expedited review of his outstanding motions.[3]

To summarize, presently before the Court are Petitioner's motions for reconsideration of the magistrate judge's August 20, 2025 order (ECF Nos. 49, 50) and October 8, 2025 order (ECF No. 60), motion to strike (ECF No. 50), and requests for expedited review (ECF Nos. 87, 89).

## II. STANDARD OF LAW

### A. Motion for Reconsideration

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A); E.D. Cal. L.R. 303(f). "The clear error standard allows the court to overturn a magistrate's factual determinations only if the court reaches a 'definite and firm conviction that a mistake has been committed.'" *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010) (quoting *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999).) "Thus, review under the 'clearly erroneous' standard is significantly deferential[.]" *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993). "A [m]agistrate [j]udge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-CV-00156-LJO-MJ, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (citing *Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 459 (D. Ariz. 2012)).

---

[3] Plaintiff titled these documents "Notice of Structural Interception and Request for Emergency Status Conference" (ECF No. 87) and "Report of Structural Interception and Request for Protection" (ECF No. 89). For purposes of brevity and clarity, the Court refers to these filing as Plaintiff's "requests for expedited review."

B. Motion to Strike

Federal Rule of Civil Procedure ("Rule") 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Rule 12(f) motions to strike, however, are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Id.*

## III. ANALYSIS

### A. Requests for Reconsideration of the Magistrate Judge's August 20, 2025 Order and Motion to Strike (ECF Nos. 49, 50)

In his first motion for reconsideration, Plaintiff argues the magistrate judge's denial of his motion to compel discovery violated the Federal Rules of Civil Procedure ("FRCP") and his Fourteenth Amendment Due Process and Equal Protection rights. (ECF No. 49 at 1–4.) Plaintiff argues the requested records are related to his case and not overbroad, and he has demonstrated good cause for why his motion to compel discovery should be granted. (*Id.* at 2–5.) In his second motion for reconsideration, Plaintiff argues his first motion was altered by being listed on the docket as a motion for reconsideration. (ECF No. 50 at 2, 5.) Plaintiff moves to strike his first motion and requests sanctions against those responsible for altering his filing. (*Id.* at 2–3, 6.) Plaintiff again argues the magistrate judge's denial of his motion to compel discovery violated several constitutional amendments, federal statutes, and the FRCP. (*Id.* at 3–4.)

Defendants filed untimely oppositions to the motions (*see* E.D. Cal. L.R. 303(d)), arguing Plaintiff's objections are improper under the FRCP.[4] (ECF No. 52 at 6.) Defendants argue Plaintiff's subpoena was defective, Plaintiff fails to show a legal basis for his motion to compel

[4] Defendants also argue Plaintiff's motion to quash is procedurally defective, but the Court is unable to determine what motion Defendants are referring to. (ECF No. 52 at 6.)

discovery, and his request for sanctions is meritless. (*Id*. at 6–9; ECF No. 54 at 3–4.)

The Court first addresses Plaintiff's mislabeling argument and his motion to strike. Pro se filings are to be "liberally construed," and "held to 'less stringent standards that formal pleadings drafted by lawyers[.]'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). As Plaintiff's first objection sought review of the magistrate judge's non-dispositive pre-trial order, the Court was well within its discretion to interpret his objection as a motion for reconsideration under Local Rule 303 and list the filing as a motion for reconsideration when it was entered on the docket. The title assigned to Plaintiff's filing on the docket is immaterial as this Court, not the magistrate judge, considers the merits of Plaintiff's arguments below. The labeling of Plaintiff's filing was not done in error and thus does not warrant being stricken from the record. *See* Fed. R. Civ. P. 12(f) (listing permissible reasons to strike). Accordingly, the Court DENIES Plaintiff's motion to strike and considers the objections raised in both of Plaintiff's filings on the merits.[5] (ECF Nos. 49, 50.)

Upon review of the case file, the Court finds the magistrate judge's denial of Plaintiff's motion to compel discovery was not clearly erroneous. Plaintiff's subpoena suffers from several procedural deficiencies. First, the subpoena was not issued by the Clerk of the Court or an attorney, as required by Rule 45. *See* Fed. R. Civ. P. 45(a)(3). A *pro se* Plaintiff cannot issue and sign a subpoena. *Cortinas v. Vasquez*, No. 1:19-cv-00367-JLT-SKO, 2022 WL 1053298, at *1 (E.D. Cal. Apr. 7, 2022).

Second, the subpoena did not identify a proper place for production. The subpoena commands Defendant Redding Police Department produce records at the "United States District Court Eastern District of California," without specifying which courthouse within the Eastern District. (*See* ECF No. 43 at 2.) Assuming as Defendants do that Plaintiff intended the place of production to be the Court's Sacramento courthouse, the courthouse is over 100 miles away from the Redding Police Department. (ECF No. 52 at 6.) This location thus violates the requirement

[5] Although Plaintiff's second motion was untimely under Local Rule 303(b), the Court will consider the motion on the merits in the interests of justice. (ECF No. 50.)

under Rule 45 that the place of production be within 100 miles from the recipient's residence or regular place of business. Fed. R. Civ. P. 45(c)(2)(a).

Third, Plaintiff did not provide adequate notice or time for Defendant Redding Police Department to produce the requested records. Defendants did not receive a copy of the subpoena until two days after the date of production. (ECF No. 52 at 7.) Additionally, based on the attempted service date of July 31, 2025, Defendant had only one business day to comply with the subpoena. (ECF No. 43 at 1.) One day to produce the quantity of records Plaintiff requested is unreasonable. *See*, *e.g.*, Fed. R. Civ. P. 34(b)(2)(A) (providing parties 30 days to respond to a request for production of documents).

For these reasons, the Court finds the magistrate judge's denial of Plaintiff's motion to compel discovery was not clearly erroneous or contrary to law. Accordingly, the Court DENIES Plaintiff's motions for reconsideration of the magistrate judge's August 20, 2025 order. (ECF Nos. 49, 50.)

B. <u>Request for Reconsideration of the Magistrate Judge's October 8, 2025 Order and Request to Stay Proceedings (ECF No. 60)</u>

Plaintiff argues the magistrate judge violated the FRCP, federal statutes, and Plaintiff's constitutional rights when the magistrate judge, rather than this Court, considered his motion for reinstatement of his *Monell* claims. (ECF No. 60 at 1–3.) Plaintiff further argues the magistrate judge should not have vacated his motion for reinstatement of *Monell* claims because he obtained newly discovered evidence that he could not have found sooner because the evidence was concealed. (*Id*. at 4.) Plaintiff also requests a stay of all proceedings until the district court judge finishes review of the magistrate judge's orders. (*Id*. at 1.) Plaintiff filed an accompanying letter requesting that his motion be directed solely to the district court judge and remain unmodified. (ECF No. 61.)

In their untimely opposition (*see* E.D. Cal. L.R. 303(d)), Defendants argue Plaintiff's requested relief is not clearly stated in the caption and his motion does not comply with the FRCP or Local Rules. (ECF No. 62 at 2–3.) Defendants argue the motion is frivolous, without merit, and moot. (*Id*. at 2–4.)

Upon review of the case file, the Court finds the magistrate judge properly considered Plaintiff's motion for reinstatement of *Monell* claims, and the magistrate judge's decision to vacate Plaintiff's motion was not clearly erroneous or contrary to law. First, the matters decided in the magistrate judge's October 8, 2025 order were non-dispositive because their resolution would not debilitate Plaintiff's case or preclude an essential defense. *In re U.S. Dept. of Ed.*, 25 F.4th 692, 699 (9th Cir. 2022) (citation omitted) (finding a matter to be dispositive if "the effect of the motion is to deny the ultimate relief sought or foreclose a defense of a party").) As Plaintiff proceeds in this matter *pro se*, his non-dispositive motion was properly considered by the assigned magistrate judge. E.D. Cal. L.R. 302(c)(21).

Second, as previously explained, pro se filings are to be "liberally construed," and "held to 'less stringent standards that formal pleadings drafted by lawyers[.]'" *Estelle*, 429 U.S. at 106. In his motion, Plaintiff requested that "the original *[M]onell* claim[s] filed be re-instated" because he had discovered new evidence. (ECF No. 58 at 1.) But restoring Plaintiff's *Monell* claims as originally pleaded would not have allowed Plaintiff to make new allegations based on his newly discovered evidence. As Plaintiff's argument for reinstatement of his *Monell* claims was that he discovered new evidence, it was reasonable for the magistrate judge to interpret his motion as not a request to simply reinstate his *Monell* claims as originally pleaded, but to amend his complaint to include factual allegations based on his new evidence. The magistrate judge's decision to vacate Plaintiff's motion without prejudice and direct Plaintiff to file a motion for leave to amend with a proposed Second Amended Complaint was therefore not clearly erroneous or contrary to law. Accordingly, the Court DENIES Plaintiff's motion for reconsideration of the magistrate judge's October 8, 2025 order. (ECF No. 60.)

Finally, the Court DENIES Plaintiff's request for a stay of proceedings as moot because this order concludes review of the magistrate judge's rulings. (ECF No. 60.) The Court DENIES Plaintiff's requests for expedited review as moot for the same reason. (ECF Nos. 87, 89.)

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motions for reconsideration of the magistrate judge's August 20, 2025 order and motion to strike. (ECF Nos. 49, 50.) The

Court DENIES Plaintiff's motion for reconsideration of the magistrate judge's October 8, 2025 order and to stay proceedings. (ECF No. 60.) The Court DENIES Plaintiff's requests for expedited review as moot. (ECF Nos. 87, 89.)

IT IS SO ORDERED.

DATE: September 29, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE